**SO ORDERED.**
**SIGNED this 23rd day of October, 2014**

_Shelley D. Rucker_
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

In re:

RICHARD THOMAS VANDELL,
SHIRLEY JEANETTE VANDELL,

        Debtors.

Case No. 11-15811
Chapter 13

Appearances:

Richard L. Banks, Richard Banks & Associates, P.C., Cleveland, Tennessee, for the Debtors

Kara L. West, Chattanooga, Tennessee, for the Chapter 13 Trustee

United States Bankruptcy Court
Judge Shelley D. Rucker

**ORDER & MEMORANDUM**

The Debtors filed an Application for Additional Compensation for Non-Routine

Services on July 3, 2014 related to "non-routine" objections to two claims made by Quantum3

Group LLC as agent for Crown Asset Management LLC and Genesis Financial Solutions Inc

and one claim by Resurgent Capital Services as agent for LVNV Funding LLC, and the Trustee

filed an Objection to the Application for Additional Compensation on the sole ground that the

requested fees substantially eliminated any benefit to the estate realized by the disallowance of

those claims.

After hearing argument on September 11, 2014 pertaining to seven such fee applications

made by Debtor's counsel, the court has addressed whether the requested amount of fees is

appropriate under the Sixth Circuit's lodestar analysis and whether the Trustee's objection

should be sustained in a Memorandum Opinion filed in *In re Alexander*, Case No. 1:13-bk-

13462 [Doc. No. 62]. After reviewing the pleadings filed and the record in the instant case, the

court concludes a question exists as to whether the Debtor's attorney has been compensated for

these services. Mr. Banks will have ten days to supplement his application in light of this order

and the court's ruling in *In re Alexander*.

In support of its ruling, the court makes the following findings of fact and conclusions of

law based on Fed. R. Bankr. P. 7052 made applicable to contested matters by Fed. R. Bankr. P.

9014. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157

(b)(2)(B).

### I.      FACTS

#### A.  DISCLOSURE OF COMPENSATION

The Debtors filed their Chapter 13 Petition on October 19, 2011.  [Case No. 11-15811,

Doc. 1].  Also on October 19, 2011, Mr. Banks filed a Disclosure of Compensation of Attorney

For Debtor, which listed the following as a "routine" service included in Debtor's $3,000 base

fee: "Preparation, filing and prosecution of objections to claims that one can reasonably

anticipate will not be contested, such as objections to untimely filed claims and objections to

duplicate claims." [Doc. 3, at p. 1].   The Disclosure excepted certain services for which

additional fees could be charged.  [Doc. 3, at p. 2]. These services do not include uncontested or

"non-routine" claims objections.   *Id.* The Debtors' attorney was awarded $3,000 in the

confirmation order entered on November 17, 2011.  [Doc. 17].

     B.  OBJECTIONS

        1.   Objection to Claims #14: *Quantum3 Group LLC*

On November 23, 2011, Quantum3 Group LLC as agent for Crown Asset Management

LLC filed claim no. 14 for $7,886.84 on the basis of "Unsecured Debt."  [Doc. 14-1].  The proof

of claim indicates that the debt may have originated at "Union Acceptance Company, LLC," and

the "Open Date" under "Account Summary" was February 3, 2000.  *Id.*  Quantum3 Group LLC

as agent for Crown Asset Management LLC filed a transfer of claim on February 19, 2013

naming Quantum3 Group LLC ("Quantum") as the transferee. [Doc. 27].

On April 2, 2013, Debtor objected on the grounds that "the claim and attachments did not

reflect a date within six (6) years of the petition date" and that collection was time barred

because of Tennessee's statute of limitations, Tenn. Code Ann. § 28-3-109.  [Doc. 30].  The

claim was, therefore, unenforceable against the Debtor under applicable non-bankruptcy law and

should be disallowed under 11 U.S.C. § 502(b)(1).  The creditor did not respond. An Order

disallowing the claim entered on July 25, 2013.

        2.   Objection to Claim #18: *Quantum 3 Group LLC*

On December 22, 2011, Quantum, as agent for Genesis Financial Solutions Inc, filed

claim no. 18 for $232.23 on the basis of "Unsecured Debt."  [Doc. 18-1].  The proof of claim

indicates that the debt may have originated at "Friedman's," and the "Charge Off" date under

"Account Summary" was July 1, 2000. *Id.*

On March 26, 2013, Debtor objected to the proof of claim on the grounds that "the claim and attachments did not reflect a date within six (6) years of the petition date" and that collection was time barred because of Tennessee's statute of limitations, Tenn. Code Ann. § 28-3-109. [Doc. 29]. The claim was, therefore, unenforceable against the Debtor under applicable non-bankruptcy law and should be disallowed under 11 U.S.C. § 502(b)(1). The creditor did not respond. An Order disallowing the claim entered on June 7, 2013.

3.   Objection to Claim #20: *Resurgent Capital Services*

On January 25, 2012, Resurgent Capital Services, as agent for LVNV Funding LLC, filed claim no. 20 for $658.82 on the basis of "VISA." [Doc. 20-1]. The proof of claim indicates that the debt may have originated at "NCO Portfolio Management," and the "Charge Off" date under "Account Information" was October, 2000. *Id.*

On October 21, 2013, Debtors objected to the proof of claim on the grounds that "the claim and attachments did not reflect a date within six (6) years of the petition date" and that collection was time barred because of Tennessee's statute of limitations, Tenn. Code Ann. § 28-3-109. [Doc. 45]. The claim was, therefore, unenforceable against the Debtor under applicable non-bankruptcy law and should be disallowed under 11 U.S.C. § 502(b)(1). The creditor did not respond. An Order disallowing the claim entered on November 21, 2013.

C.   DEBTOR'S ATTORNEY'S SUPPLEMENTAL FEE APPLICATION

Debtor's attorney requests a total of $821.76 in attorney fees and expenses for 5.4 hours of legal work performed primarily over a period of ten months from February 2013 to November 2013. [Doc. 49. Ex. A]. Debtor's attorney and a paralegal spent three-tenths (.3) of an hour reviewing claims; one one hour and one-tenth (1.1) filing objections; two hours and five-tenths (2.5) preparing for and attending a hearing; five-tenths of an hour (.5) reviewing received Orders;

and one hour (1) preparing the time sheets and for the additional fee application. *Id.* Debtor's attorney charged $300 per hour for one hour and seven-tenths (1.7) of an hour of work, and his paralegal charged $75 per hour for three hour and seven-tenths (3.7) of an hour of work. *Id.* There is on entry for preparation of an affidavit in support of the objection to claim no. 14. *Id.*

Debtors assert that the amount of fees and expenses requested, if allowed, will not diminish the pro rata dividend to unsecured creditors proposed in the plan. *Id.* The court presumes the fees will be paid by the Debtors through plan payments.

## II.    ANALYSIS

In the *Alexander* opinion, the court analyzed the nature of the claims at issue,  the amount of time necessary to object to such claims, potential benefits to the estate,  changes to the law that have made those objections routine, and the reasonableness of Debtors' counsel's hourly rate. In keeping with that analysis for the case at bar, the court finds that the fees and expenses represent a reasonable number of hours charged at a reasonable hourly rate for services that were necessary and beneficial to the Debtor and the estate. However, as to the retroactive application of the *Alexander* interpretation of routine services, this case is different from *In re Alexander.* Based on the Debtor's agreement with Mr. Banks reflected in the Disclosure of Compensation, these services included the preparation, filing, and prosecution of objections to claims that one can reasonably anticipate will not be contested. Such services were included in the base fee allowed. The court received no testimony regarding whether Mr. Banks had reason to believe in 2013 that he would receive no response to his objections. His current contention regarding the filing of these stale claims is that the creditors do not respond to such objections. The court will grant Mr. Banks ten days to supplement his application in light of the court's ruling in *In re Alexander* regarding the inclusion of these services in the base fee. Otherwise, the court will find

that the fees are for routine services, for which Mr. Banks has already been compensated.

Accordingly, it is ORDERED that Debtor's attorney will have ten days to supplement his fee application. In the event that he does not file a supplement, the court will deny the application as being for services included in the base fee previously approved.

# # #